*United States District Court*

__MIDDLE__               DISTRICT OF         __ALABAMA__


UNITED STATES OF AMERICA           **CRIMINAL COMPLAINT**

v.                                  CASE NUMBER: 3:13mj129-CSC

DONALD SWIFT, JR.


I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.  On or about **December 6, 2012**, in **Macon** County and elsewhere within the Middle District of Alabama defendant(s) did, (Track Statutory Language of Offense)

a convicted felon, possessed firearms that traveled in interstate commerce,

in violation of Title 18 United States Code, Section(s) 922(g)(1).

I further state that I am a **Special Agent with the Alcohol, Tobacco and Firearms Agency** and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED BY REFERENCE.

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

August 15, 2013              at    Montgomery, Alabama
Date                                City and State

Charles S. Coody, U. S. Magistrate Judge    _____
Name & Title of Judicial Officer                Signature of Judicial Officer

7. A search warrant was executed on Donald SWIFT's residence on December 6, 2012. Upon entry, SWIFT was observed exiting a bedroom. The search yielded the following items:

   a. A Taurus, .38 special revolver, serial no. CP46285, located under a bed along with a Bersa Thunder, 9mm caliber handgun, serial no. 03574;
   b. Ammunition;
   c. Flat iron;
   d. Worth bat; and
   e. Switch blades.

8. On January 6, 2013, victim S.P. contacted the Macon County Sheriff's Office (MCSO) and reported that a person unknown to her had been calling her residence and threatening to "beat her ass and burn down her house."

9. On August 8, 2013, ATF SA Rudden-Conway interviewed victim S.P. S.P. admitted to retracting the original statement that she had provided to MCSO, after receiving the threatening phone calls. S.P. stated that she wanted to retract the statement because she didn't want to send "JJ" (Donald SWIFT) back to jail because she knew he was already out on probation for Manslaughter. S.P. further stated that she was scared and thought he really would kill her because she knew he had already killed someone once before.

10. During the same August 8, 2013, interview by ATF SA Rudden-Conway, victim S.P. recalled the December 4, 2012, incident and provided details of the assault by SWIFT. S.P. recalled entering SWIFT's residence at his direction and him beating her with his hands and a broom stick, and cutting her with a knife. S.P. stated that she had plugged in her flat iron to fix her hair and that at some point SWIFT retrieved the flat iron and began burning her on her stomach. S.P. advised that she had purchased a .380 handgun and kept it under SWIFT's bed. S.P. stated that SWIFT retrieved the firearm and stuck it to S.P.'s mouth, in her eye, and in private parts. S.P. further stated that SWIFT pointed the firearm in her direction and discharged it once; the bullet hit above her head.

11. Victim S.P. stated that there was also a black .9mm caliber handgun under the bed with S.P.'s .380 handgun. She further stated that SWIFT had taken the .9mm from his mother and placed it under the bed with the .380.

12. Donald SWIFT was previously convicted of *Manslaughter* in the State of Alabama, Case No. 46CC2008-2800, on March 23, 2009; SWIFT was released from prison on February 14, 2011, and was still under supervision by the State of Alabama on December 4, 2012. After having his supervision revoked by the State of Alabama, Donald SWIFT was released again on August 3, 2013, and remains under State supervision.

13. Based on the foregoing facts, I believe that on or about December 4, 2012, Donald SWIFT, a convicted felon, possessed firearms that traveled in interstate commerce in violation of the Federal law, Title 18, USC 922(g)(1). This violation occurred within Macon County, Middle District of Alabama.

Jennifer A. Rudden-Conway
Special Agent, ATF

Sworn to before me and subscribed in my presence this 15th day of August, 2013, and I find probable cause exists.

CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

3

# AFFIDAVIT

I, Special Agent Jennifer A. Rudden-Conway, affiant, hereby depose and state the following:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF), United States Justice Department, and have been so employed since June 18, 2001. I have completed Criminal Investigator School at the Federal Law Enforcement Training Center and New Professional Training Program at the ATF National Academy. I am currently assigned to the Montgomery Field Office in Montgomery, Alabama. As a result of my training and on-the-job experience as an ATF Special Agent, I have become thoroughly knowledgeable in the violations of the Federal firearm, arson and explosive laws to include various criminal statutes enacted in the Gun Control Act of 1968 and those set forth in the National Firearms Act.

2. As a result of my training and experience as an ATF agent, I am familiar with several federal laws to include the Federal statute which entails that it is unlawful for a person who has been convicted of a felony offense to possess a firearm that has traveled in interstate commerce which is the basis for this affidavit. All of the information in this affidavit has either been personally verified by me and/or obtained from other Law Enforcement Officers.

3. Alcohol, Tobacco, Firearms & Explosives (ATF) Special Agent Jennifer Rudden-Conway was contacted by the Macon County Sheriff's Department and the United States Marshal Fugitive Task Force pertaining to the arrest of Donald SWIFT, for kidnapping, assault and domestic violence. Upon the arrest of Donald SWIFT and execution of a State search warrant on his residence, he was found in possession of two (2) firearms and items utilized in the assault and kidnapping of victim S.P.

4. SA Rudden-Conway reviewed the documentation and determined the following facts of the case: On December 6, 2012 Macon County Sheriff's Department responded to 235 Spruce Road, Shorter, AL, and made contact with victim S.P. Victim S.P. advised that two (2) days prior (12/4/2012) to said date, she traveled to 6325 C/R 37, Tuskegee AL at the direction of Donald SWIFT. S.P. advised that while at SWIFT's residence he turned violent and began assaulting her, leaving serious injuries to her body.

5. S.P. stated that SWIFT finally allowed her to leave his residence and told her that if any law enforcement officers were notified of the incident he would kill her.

6. On this same date (12/06/2012) officers photographed the injuries on victim S.P.'s body.